UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 20-81501-CIV-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC,

      Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC,
MEDTERRA CBD, LLC, REJUVENOL
LABORATORIES, INC., and NOXENO
HEALTH SCIENCES, INC.,

      Defendants.
_____

### MEDTERRA CBD, LLC'S MOTION FOR LEAVE TO FILE COUNTERCLAIM AND ADD COUNTER-DEFENDANTS

Medterra CBD, LLC ("Medterra"), pursuant to Rules 13, 15, and 20, moves this Court for leave to file a counterclaim and to add counter-defendants to this case, and states as follows:

**I.**     <u>**Introduction**</u>

This is the second lawsuit filed by Plaintiff Healthcare Resources Management Group, LLC ("HCRMG") against Medterra for Medterra's alleged misappropriation of Plaintiff's proprietary formulation for a pain cream containing cannabidiol ("CBD"). Medterra purchased a CBD-infused cooling cream from Plaintiff for several months on a "white label" basis, in order to sell the cooling cream under Medterra's own brand. The cream formulation, however, was developed by Defendant EcoNatura All Healthy World, LLC ("EcoNatura") and manufactured by Rejuvenol Laboratories, Inc. ("Rejuvenol"). Plaintiff was a mere intermediary, acting as an agent or broker on behalf of EcoNatura, in selling the latter's cream to Medterra.

In 2019, Medterra decided to discontinue its relationship with Plaintiff and, instead, began purchasing EcoNatura's cream directly from EcoNatura. Angered by the loss of revenue for serving as the "middleman" between Medterra and EcoNatura, Plaintiff retaliated by filing its first action against Medterra. In May 2020, the Court dismissed that action for lack of prosecution. Over three months later, HCRMG filed this case, asserting materially identical claims to those raised in the prior action.

In its current Complaint [D.E. 1], Plaintiff alleges that EcoNatura "misappropriated" Plaintiff's purported "secret formula" for the cooling cream that EcoNatura sold to Medterra. Based on this core allegation, Plaintiff asserts three claims against Medterra under the Florida Uniform Trade Secrets Act ("FUTSA"), chapter 688, Florida Statutes; the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201 et seq., Florida Statutes.

As set forth in Medterra's Answer and Affirmative Defenses [D.E. 14], HCRMG was not an incorporated entity during the time period that it allegedly provided its purported trade secret to EcoNatura and sold units of the cream to Medterra. This fact raises ambiguity regarding HCRMG's standing to claim that it has an ownership and/or possessory interest in the "secret formula" at the heart of its claims. In addition, HCRMG's manager, Anselmo Genovese, engaged in what appears to have been a "shell game" of various entities, asking both Medterra and EcoNatura to sign contracts with affiliated entities without explanation, which they declined.

Because of HCRMG's questionable status when the alleged misappropriation occurred, as well as Genovese's rotation of entities, Medterra seeks to assert a counterclaim for declaratory relief and to add Trinity Health Global, LLC, Medical Miracles, LLC, Pharmalieve Health, LLC, Anselmo Genovese, and Mercy Romero (together, "Additional Counter-Defendants") as counter-

2

defendants to resolve with finality who owns the formula and any allegation of misappropriation on the part of Medterra.  Otherwise, in the event the Court determines that HCRMG lacks standing to pursue these remedies, Medterra faces the prospect of one or more other lawsuits by the Additional Counter-Defendants after this case concludes.

Accordingly, Medterra asks this Court to grant it leave to file the proposed counterclaim attached hereto as Exhibit A.

II.     **Argument**

A.     **The Court Should Grant Leave to Assert a Counterclaim**

"An amendment to add a counterclaim will be governed by Rule 15."  Fed. R. Civ. P. 13 note (2009 Amend.).  Motions to amend pursuant to Rule 15 are "'committed to the sound discretion of the district court,' but that discretion 'is strictly circumscribed' by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs that leave should be 'freely give[n] when justice so requires.'"  *City of Miami v. Citigroup, Inc.*, 801 F.3d 1268, 1277 (11th Cir. 2015).  Leave should be given "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of the *Foman* factors are present in this case.  This is Medterra's first request to amend, and the motion has been filed by the November 16, 2020, deadline set by the Court's scheduling order [D.E. 5].  This request to amend is made in good faith and is an attempt to afford finality to all parties involved.  Trial is not scheduled to commence for over 6 months, so no party to this case or the proposed counterclaim will suffer prejudice.  Finally, the proposed counterclaim

is not futile, as it raises claims for declaratory relief regarding ownership of the purported "trade secret" at the heart of this case.

Because the record is devoid of any grounds to deny leave to amend, the Court should grant Medterra leave to amend to file the attached, proposed counterclaim. *See Hester v. Int'l Union of Operating Eng'rs,* AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991) ("Thus, in the absence of any apparent reason, leave to amend should be granted.").

**B.    The Court Should Grant Leave to Add the Additional Counter-Defendants as Parties to This Case**

The proposed counterclaim seeks to add parties as counter-defendants. "Rules 19 and 20 govern the addition of a person as a party to a counterclaim." Fed. R. Civ. P. 13(h). To the extent that joinder of the Additional Counter-defendants is not required in this case as a matter of law, permissive joinder of those defendants is appropriate here. As the Eleventh Circuit has explained:

> Rule 20(a) requires a plaintiff to demonstrate two prerequisites in order to permissively join a party: first, the claims against the party to be joined must "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences," and second, there must be some question of law or fact common to all parties to be joined. Joinder is "strongly encouraged" and the rules are construed generously "toward entertaining the broadest possible scope of action consistent with fairness to the parties."

*Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (citations omitted). The "central purpose" of Rule 20 is to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672, 674 (S.D. Fla. 2011) (citation omitted).

As set forth in the attached counterclaim, HCRMG's claim to ownership of the purported trade secret formula for its CBD-infused cooling cream is ambiguous at best. By adding this counterclaim naming the Additional Counter-defendants, Medterra seeks to (1) obtain a final disposition as to the ownership and misappropriation issues, and (2) avoid subsequent lawsuits in

the event that the Court determines HCRMG does not own and therefore lacks standing to seek redress for Medterra's alleged misappropriation of the formula.

By joining in this action all potential claimants to the purported trade secret formula, the issues of ownership of the formula and alleged misappropriation can be determined with finality.

### III.    Conclusion

For reasons of judicial economy and finality, Medterra asks the Court to grant Medterra leave to file the proposed counterclaim attached as Exhibit A, including adding Trinity Health Global, LLC, Medical Miracles, LLC, Pharmalieve Health, LLC, Anselmo Genovese, and Mercy Romero as counter-defendants in this case.

Dated: November 16, 2020                     Respectfully submitted,

**MCCABE RABIN, P.A.**
1601 Forum Pl., Ste. 201
West Palm Beach, FL 33401-8102
Office: 561-659-7878

By: /s/ Adam T. Rabin
Adam T. Rabin
Florida Bar No. 685635
arabin@mccaberabin.com
Robert C. Glass
Florida Bar No. 052133
rglass@mccaberabin.com

*Counsel for Defendant Medterra CBD, LLC*

5

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3), that the undersigned counsel attempted on November 16, 2020 to confer in good faith with Plaintiff's counsel by email and phone about the relief requested but did not receive a response.  Once a response is received, the undersigned will supplement this certificate if the parties agree to the relief sought herein.

By:   /s Adam T. Rabin   
Adam T. Rabin
Florida Bar No. 685635

**C**ERTIFICATE OF **S**ERVICE

I HEREBY CERTIFY that on November 16, 2020, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of a Notice of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

By:    s/ Adam T. Rabin
                    Adam T. Rabin
                    Florida Bar No. 685635

SERVICE LIST

Healthcare Resources Management Group, LLC
v.
Econatura All Healthy World, LLC, *et al.*

NO. 20-81501-CIV-MIDDLEBROOKS/BRANNON

U.S. District Court, Southern District of Florida

Adam T. Rabin
arabin@mccaberabin.com
e-filing@mccaberabin.com
Robert C. Glass
rglass@mccaberabin.com
McCabe Rabin, P.A.
1601 Forum Place, Ste. 201
West Palm Beach, FL 33401
561.659.7878
*Counsel for MedTerra CBD, LLC*

Eric Lee
lee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Ste. 401
Boca Raton, FL 33431
561.981.9988
*Counsel for Rejuvenol Laboratories, Inc.*

Leon F. Hirzel
hirzel@hddlawfirm.com
Patrick G. Dempsey
dempsey@hddlawfirm.com
Hirzel Dreyfuss & Dempsey PLLC
2333 Brickell Avenue, Ste. A-1
Miami, FL 33129-2497
*Counsel for Plaintiff*

Greg Jason Weintraub
gweintraub@lashgoldberg.com
Lash & Goldberg LLP
100 SE 2nd Street, Ste. 1200
Miami, FL 33131
*Counsel for Noxeno Health Sciences, Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 20-81501-CIV-MIDDLEBROOKS/BRANNON

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC,

      Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC,
MEDTERRA CBD, LLC, REJUVENOL
LABORATORIES, INC., and NOXENO
HEALTH SCIENCES, INC.,

      Defendants.
_____

MEDTERRA CBD, LLC,

      Counter-Plaintiff,

v.

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC; TRINITY HEALTH GLOBAL, LLC;
MEDICAL MIRACLES, LLC; PHARMALIEVE
HEALTH, LLC; ANSELMO GENOVESE; and
MERCY ROMERO,

      Counter-Defendants.
_____/

## [PROPOSED] COUNTERCLAIM

      Counter-Plaintiff Medterra CBD, LLC ("Medterra") sues Healthcare Resources

Management Group, LLC; Trinity Health Global, LLC; Medical Miracles, LLC; Pharmalieve

Health, LLC; Anselmo Genovese; and Mercy Romero, and states as follows:

**Parties and Jurisdiction**

1.      This is a compulsory counterclaim pursuant to Rule 13(a) seeking a declaration pursuant to 28 U.S.C. § 2201.

2.      Counter-Plaintiff Medterra CBD, LLC ("Medterra") is a California limited liability company with its principal place of business in Orange County, California.

3.      Counter-Defendant Healthcare Resources Management Group, LLC ("HCRMG") is a Florida limited liability company with its principal place of business in Boca Raton, Florida. The members of HCRMG are Anselmo Genovese and Mercy Romero.

4.      Counter-Defendant Trinity Health Global, LLC ("THG") is a Florida limited liability company with its principal place of business in Boca Raton, Florida.  THG shares offices with HCRMG.  Upon information and belief, the members of THG are Anselmo Genovese and Mercy Romero.

5.      Counter-Defendant Medical Miracles, LLC ("MM") is an administratively dissolved Florida limited liability company with its principal place of business in Boca Raton, Florida.  Upon information and belief, the members of MM are Kamila Kruszelnicka and Anselmo Genovese.

6.      Counter-Defendant Pharmalieve Health, LLC ("PH") is a Florida limited liability company with its principal place of business in Boca Raton, Florida.  Upon information and belief, the members of PH are Anselmo Genovese and Mercy Romero.

7.      Counter-Defendant Anselmo Genovese ("Genovese") is a citizen and resident of Florida.  Genovese is married to Mercy Romero.

8.      Counter-Defendant Mercy Romero ("Romero") is a citizen and resident of Florida. Romero is married to Genovese.

2

**General Allegations**

***HCRMG Sues Medterra for Misappropriation of its Purported Trade Secret Formula***

9.  On December 20, 2019, HCRMG sued Medterra in *Healthcare Resources Management Group, LLC v. EcoNatura All Healthy World, LLC et al.*, No. 19-81700-CIV-DMM (S.D. Fla.) ("First Case").

10.  In the First Case, HCRMG asserted claims against Medterra under the Florida Uniform Trade Secret Act, chapter 688, Florida Statutes; the Defend Trade Secrets Act, 18 U.S.C. § 1836; and the Florida Deceptive and Unfair Trade Practices Act, sections 501.201 *et seq.*, Florida Statutes.

11.  HCRMG's claims in the First Case were predicated on Medterra's purported "misappropriation" of HCRMG's trade secret formula for a CBD-infused cooling cream.

12.  Medterra denied that it ever acquired or used any trade secret formula for a CBD-infused cooling cream developed by HCRMG.

13.  The Court dismissed the First Case for lack of prosecution on May 21, 2020, prior to entering any judgment on the merits of the case.

14.  On September 3, 2020, HCRMG sued Medterra in *Healthcare Resources Management Group, LLC v. EcoNatura All Healthy World, LLC*, No. 20-81501-CIV-DMM (S.D. Fla.) ("Second Case").

15.  The complaint in the Second Case is materially identical to the complaint in the First Case.  In other words, the claims in the Second Case are again predicated on Medterra's claimed misappropriation of HCRMG's purported trade secret formula for a CBD-infused cooling cream.

16.     On November 10, 2020, Medterra answered the complaint in the Second Case, again denying that it acquired, or used, any trade secret formula for a CBD-infused cooling cream owned by HCRMG.

### HCRMG Did Not Exist Until July 2019

17.     Medterra is in doubt as to which entity or individual purports to own the formula that HCRMG claims has been misappropriated.

18.     The current incarnation of HCRMG did not exist at the time Medterra began purchasing a CBD-infused cooling cream through HCRMG.

19.     According to the Florida Secretary of State, each entity registered with the Division of Corporations is assigned a unique "document number."  Different entities are assigned different document numbers.

20.     Romero and Genovese initially formed an entity named "Healthcare Resources Management Group, LLC" with the Florida Secretary of State in February 2009.  The Secretary of State assigned that entity document number L09000013136.   This entity was voluntarily dissolved in May 2014.

21.     Romero and Genovese then formed a new entity named "Healthcare Resources Management Group, LLC" in May 2015.  The Secretary of State assigned that entity document number L15000089412.  This entity was administratively dissolved in September 2016.

22.     From September 2016 through July 2019, no entity named "Healthcare Resources Management Group, LLC" was registered in existence with the Florida Secretary of State.

23.     Not until July 2019 did Romero and Genovese form HCRMG, the current incarnation of "Healthcare Resources Management Group, LLC."

24.    Because HCRMG did not exist while Medterra was purchasing CBD-infused cooling cream from Romero and Genovese, Medterra is in doubt as to who owns or holds the claimed "trade secret" that is the subject of the Second Case and seeks a final disposition that it is not liable to HCRMG, its principals, or any related entities.

### *Other Parties Have Claimed to Own the Purported "Trade Secret" that HCRMG Now Claims It Owns*

25.    The following individuals or entities have claimed and/or may claim ownership over the purported trade secret formula at issue in the Second Case.

### THG

26.    Based on certain actions that Genovese took in 2019, THG may have an ownership and/or possessory interest in the purported trade based on certain actions Genovese took in 2019.

27.    First, on January 22, 2019, Genovese jointly e-mailed Medterra's president, JP Larsen, and EcoNatura All Healthy World, LLC's ("EcoNatura") owner, Jama Russano, asking them to execute a proposed "updated" Confidentiality and Non-Disclosure agreement with THG. As his rationale, Genovese explained in his email that he and Romero "formed a new company to manage this aspect of the business."

28.    Second, on February 26, 2019, Genovese e-mailed JP Larsen and Jay Hartenbach, Medterra's CEO, asking them to execute a Private Label Manufacturing Agreement with THG. Genovese stated that he was "trying to pre-purchase components, reduce any price increases and make your formulations exclusive to Medterra."

29.    Neither Medterra nor EcoNatura executed either agreement with THG.

30.    Medterra declined to execute any agreement with THG, given that Genovese never explained what role the company was to play, nor why he was altering the existing relationship between Genovese and Medterra.

5

31.     On June 18, 2019, Genovese sent a draft Sub-Contractor Agreement to Tyler Reedy at Clarity Labs.  The draft Sub-Contractor Agreement identifies Medterra as a customer of THG.

32.     Accordingly, Medterra expects that THG may claim an ownership and/or possessory interest in the purported "trade secret" at issue in the Second Case, after the Second Case concludes, should HCRMG not prevail in the Second Case.

The "Pharmalieve" Entities

33.     Two other entities under the "Pharmalieve" umbrella may also attempt to assert a claim to hold the purported "trade secret" at issue in the Second Case, based on allegations in the Second Case that "HCRMG sells and markets its [alleged trade secret] products under its own Pharmalieve brand."

34.     Likewise, in written discovery that HCRMG propounded in the First Case, HCRMG defined "Pharmalieve CBD Cream" as the "CBD Cream substantially formulated by HCRMG."  HCRMG did not represent during discovery in the First Case, however, who owned that formula.

35.     In other words, "Pharmalieve" may claim to own or hold the purported trade secret formula after the Second Case concludes, if HCRMG does not prevail.

36.     "Pharmalieve" is a fictitious name registered with the Florida Secretary of State for MM.

37.     Genovese executed a Mutual Non-Disclosure Agreement with Cain Brown Distributors, LLC in February 2018.  Genovese represented that he was an "owner" of MM, "dba pharmalieve."

38.     In January 2019, Romero formed PH.  According to the current "Pharmalieve" website, the address for the company operating it is located at 1288 NW 16th Street in Boca Raton,

6

Florida, which is Genovese and Romero's home and the address listed with the Florida Secretary of State for PH.  Upon information and belief, PH has taken over operation of the "Pharmalieve" trade name from MM.

39.    As a result, Medterra expects that MM or PH may claim ownership over the CBD-infused cooling cream sold under the "Pharmalieve" brand – a cream which, according to HCRMG, is the same as the cream Medterra sells.

<u>Genovese and Romero</u>

40.    Based on HCRMG's non-existence or dissolution throughout the time it purported to sell CBD-infused creams to Medterra, Medterra alleges, upon information and belief, that "Healthcare Resources Management Group" was a trade name used by Genovese and Romero to solicit their claimed trade secret formula for CBD-infused creams.

41.    For instance, in a March 10, 2019 e-mail from Genovese to Warren Wise, in referring to EcoNatura's owner, Ms. Russano, Genovese acknowledges that "[y]es she used her [lotion] base" used to develop the CBD-infused cooling cream sold by Medterra.  Yet, in the same e-mail, Genovese falsely claims that "*we* co-developed this with what I had." (Emphasis added). Indeed, Genovese's assertion to Mr. Wise suggests that Genovese himself could later claim an individual interest in the purported trade secret formula at issue in the Second Case, if HCRMG does not prevail.

42.    Genovese's March 10 e-mail to Mr. Wise also suggests that Romero might later attempt to assert a claim of ownership of the purported trade secret formula.  In stating that he might "have to pay to reformulate every product," Genovese notes that the decision is not his alone:  "Its (sic) actually not my only decision as Mercy owns *the company* and its (sic) hers." (Emphasis added).

43.      While the reference to "the company" is ambiguous, to the extent Genovese means HCRMG, it did not exist on March 10, 2019.  Thus, as of that date, to the extent he and Romero were operating under the trade name "Healthcare Resources Management Group," Romero may claim to own an individual interest over the purported trade secret formula in the event HCRMG does not prevail in the Second Case.

44.      Medterra has retained the law firm of McCabe Rabin, P.A., to represent it in filing this counterclaim.

45.      All conditions precedent to filing suit have been performed or waived.

**Count 1**
**Declaratory Judgment**
**(Against HCRMG, THG, MM, PH, Genovese, and Romero)**

46.      Medterra reasserts and realleges paragraphs 1 through 5, as if fully set forth herein.

47.      This is a claim for declaratory relief pursuant to 28 U.S.C. § 2201.

48.      HCRMG has sued Medterra for misappropriation of a purported trade secret formula for a CBD-infused cooling cream.

49.      Medterra denies that it acquired or used any formula for a CBD-infused cooling cream from any other individual or entity.  Medterra simply purchased units of a CBD-infused cooling cream from EcoNatura that were manufactured by Rejuvenol Laboratories, Inc.

50.      Medterra has no independent knowledge as to who owns or controls the formula for the CBD-infused cooling cream it purchases from EcoNatura but has relied upon the representations of Ms. Russano that she developed the formula.

51.      Because HCRMG did not exist at the time Medterra began purchasing the CBD-infused cooling cream for which it claims to own the formula, Medterra is in doubt as to which

persons or entities own this purported trade secret formula and seeks a final disposition of the ownership issue.

52.     If HCRMG does not prevail in the Second Case, Medterra expects that other individuals or entities, including Genovese, Romero, THG, MM, or PH may assert new claims of misappropriation against Medterra, seeking damages and injunctive relief.  Accordingly, naming these individuals and entities in this action is likely to dispose of all existing and potential claims of misappropriation of trade secrets regarding the formula.

53.     Thus, Medterra seeks a declaratory judgment from this Court regarding the rights of HCRMG, THG, MM, PH, Genovese and/or Romero to claim ownership over, and to seek damages for misappropriation of, the formula identified in the Second Case.

54.     Medterra further seeks a declaratory judgment EcoNatura owns the formula for the CBD-infused cooling cream it sells, which Defendants contest.

WHEREFORE Plaintiff Medterra CBD, LLC demands a judgment against Healthcare Resources Management Group, LLC, Trinity Health Group, LLC, Medical Miracles, LLC, Anselmo Genovese, and Mercy Romero that declares as follows:

A.     None of the Defendants own or control a trade secret formula for a CBD-infused cooling cream used or sold by Medterra;

B.     Medterra has not misappropriated any trade secret owned or controlled by Defendants as a result of Medterra purchasing CBD-infused cooling cream from EcoNatura and reselling the cream to Medterra's customers; and

      C.      Medterra is entitled to its costs for bringing this action and any other and further

relief this Court deems just and proper.

Dated: November 16, 2020                Respectfully submitted,

                                          **MCCABE RABIN, P.A.**
                                          1601 Forum Pl., Ste. 201
                                          West Palm Beach, FL 33401-8102
                                          Office: 561-659-7878

                                          By:_____
                                          Adam T. Rabin
                                          Florida Bar No. 685635
                                          arabin@mccaberabin.com
                                          e-filing@mccaberabin.com
                                          Robert C. Glass
                                          Florida Bar No. 052133
                                          rglass@mccaberabin.com

                                          *Counsel for Defendant Medterra CBD, LLC*

### C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I HEREBY CERTIFY that on _____ I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of a Notice of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

By: _____

Adam T. Rabin

11