UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81501-DMM

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC, a Florida limited liability company,

    Plaintiff,

vs.

ECONATURA ALL HEALTHY WORLD, LLC, a
foreign limited liability company, MEDTERRA
CBD, LLC, a foreign limited liability company,
REJUVENOL LABORATORIES, INC., a foreign
corporation, and NOXENO HEALTH SCIENCES,
INC., a foreign corporation,

    Defendants.
_____/

## MOTION TO QUASH OR MOTIOSN FOR PROTECTIVE ORDER AS TO SUBPOENAS *DUCES TECUM*

Plaintiff, HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC ("HRMG" or "Plaintiff") and Third-Party Defendant MEDICAL MIRACLES, LLC ("MML") (collectively the "Movants"), by and through undersigned counsel, hereby files their Motion to Quash or Motion for Protective Order as to Subpoenas *Duces Tecum* (the "Motion") and, in support thereof, states as follows:

1)    On February 4, 2021, the Movants received a notice (the "February 4 Notice") from counsel for ECONATURA ALL HEALTHY WORLD, LLC ("Econatura") regarding seven (7) subpoenas *duces tecum* (collectively the "Subpoenas"). A copy of the February 4 Notice is attached hereto as Exhibit "A"; copies of the individual Subpoenas are attached hereto as Composite Exhibit "B."

2)      The February 4 Notice included as attachments copies of the Subpoenas, all of which were dated February 2, 2021.

3)      The Subpoenas are dated February 2, 2021 and include cover letters that indicate that the Subpoenas were conveyed via hand delivery to the third-parties subject to the Subpoenas.

4)      Although the Subpoenas are all dated two (2) days prior to the February 4 Notice, the Movants are uncertain when or if said Subpoenas were actually served on the individuals or entities referenced in said Subpoenas because Econatura has not filed or served any "notice of service" for any of the Subpoenas.[1]

5)      The Movants additionally take issue with the Subpoenas because (i) they were served upon people or entities that have no apparent relationship to the present litigation and (ii) many of the individual requests within each Subpoena have no apparent bearing on the factual or legal issues at bar.

6)      The Movants therefore seek to quash and/or seek a protective order pursuant to F.R.C.P. 45 with respect to each of the aforementioned Subpoenas issued by Econatura.

## ARGUMENT

7)      In addition to the fact that the Subpoenas were apparently delivered "via hand delivery" prior to Econatura's February 4 Notice, the Subpoenas should be quashed, or a protective order should be entered, because the non-parties to which the Subpoenas were directed are people or entities that have no apparent relationship to the present litigation.

---

[1] 7)   Pursuant to F.R.C.P. 45(a)(4):

**Notice to Other Parties Before Service**. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**I.    S<small>UBPOENAS</small> S<small>HOULD</small> B<small>E</small> Q<small>UASHED</small> E<small>NTIRELY</small>**

8) The parties subject to the Subpoenas are as follows: Addersea Capital Mgmt, Beauty Core Tech, Compounding Docs Inc., Cosmetic Solutions, Custom Chemical Services, Errbshop LLC, and Kathleen Tucker. *See* Exhibit "A."

9) None of the foregoing individuals or entities appear to have anything to do with the claims or defenses at issue in instant litigation. None of the aforementioned individuals or entities have been mentioned or referenced in any pleading or motion in the present litigation.

10) The Subpoenas therefore do not come close to seeking the discovery of potentially admissible evidence; they do not even qualify for the honor of a mere fishing expedition. To be clear, the Subpoenas are completely improper invasions into distant relationships that one or more of the Movants have had that are entirely outside of the bounds of this litigation.

11) To allow the Subpoenas, which seek documents from parties that are entirely unaffiliated or related to the present litigation to proceed, would be prejudicial and harassing to the Movants without regard for any reasonable basis for the discovery of potentially admissible evidence.

12) For the foregoing reasons, each of the Subpoenas should be quashed entirely.

**II.   A P<small>ROTECTIVE</small> O<small>RDER</small> S<small>HOULD</small> B<small>E</small> G<small>RANTED</small> W<small>ITH</small> R<small>ESPECT</small> <small>TO THE</small> D<small>UCES</small> T<small>ECUM</small> P<small>ORTION OF EACH OF THE</small> S<small>UBPOENAS</small>**

13) Even if this Court were to not fully quash each of the foregoing Subpoenas for the reasons set forth herein above, the Subpoenas should be quashed or subject to a protective order on grounds of the "documents" sought within said Subpoenas.

14) To be clear, the Subpoenas do not seek deposition testimony or trial testimony; rather such Subpoenas seek the production of documents that likewise have nothing to do with the present litigation.

15) In addition to the above referenced recipient of one of the Subpoenas having nothing to do with the instant litigation, many of the individual requests for documents in said subpoena are clearly improper.

    a. <u>SUBPOENA TO ADDERSEA CAPITAL MGMT</u>

16) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    4. Agreements entered between You and Sam Genovese.
    5. Agreements entered between You and Healthcare.
    6. Agreements entered between You and Trinity.
    7. Agreements entered between You and Pharmalieve.
    8. Documents provided to You by Sam Genovese or Mercy Romero.

17) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

    b. <u>SUBPOENA TO BEAUTY CORE TECH</u>

18) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    7. Agreements entered between You and Sam Genovese.
    8. Agreements entered between You and Healthcare.
    9. Agreements entered between You and Trinity.
    10. Agreements entered between You and Pharmalieve.
    11. Agreements entered between You and Pharmacanna.
    12. Agreements entered between You and Custom Chemical.

19) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

    c. <u>SUBPOENA TO COMPOUNDING DOCS INC</u>

20) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    10. Agreements entered between You and Sam Genovese.
    11. Agreements entered between You and Healthcare.
    12. Agreements entered between You and Trinity.
    13. Agreements entered between You and Pharmalieve.
    14. Agreements entered between You and Pharmacanna.
    15. Agreements entered between You and Kathy Tucker.
    16. Agreements entered between You and Kristin Adelmann.
    17. Documents relating to the Pharmacanna product.
    18. Documents relating to the Pharmalieve product.
    20. Documents, including but not limited to any personnel or employment files, related to Sam Genovese.
    21. Documents, including but not limited to any personnel or employment files, related to Kathy Tucker.

21) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

    d. <u>SUBPOENA TO COSMETIC SOLUTIONS</u>

22) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    8. Agreements entered between You and Sam Genovese.
    9. Agreements entered between You and Healthcare.
    10. Agreements entered between You and Trinity.
    11. Agreements entered between You and Pharmalieve.
    12. Agreements entered between You and Pharmacanna.

    13. Documents relating to the Pharmacanna product.

    14. Documents relating to the Pharmalieve product.

23) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

    e.  <u>SUBPOENA TO SUBPOENA TO ERRBSHOP LLC</u>

24) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    4. Agreements entered between You and Sam Genovese.

    5. Agreements entered between You and Healthcare.

    6. Agreements entered between You and Trinity.

    7. Agreements entered between You and Pharmalieve.

25) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

    f.  <u>SUBPOENA TO KATHLEEN TUCKER</u>

26) The following specific requests in the aforementioned Subpoena have nothing to do with the instant litigation and are clearly improper:

    9. Agreements entered between You and Sam Genovese.

    10. Agreements entered between Presence Enterprises and Sam Genovese and/or Healthcare.

    11. Agreements entered between You and Healthcare.

    12. Agreements entered between You and Trinity.

    13. Agreements entered between You and Pharmalieve.

    14. Agreements entered between You and Pharmacanna.

    15. Documents relating to the Pharmacanna product.

    16. Documents relating to the Pharmalieve product.6. Agreements entered between You and Trinity.

27) To the extent that the Subpoena purportedly served on the aforementioned person or entity is not entirely quashed, said Subpoena should not be permitted with respect to the aforementioned individual *duces tecum* requests.

### III. CONCLUSION

28) Each of the foregoing Subpoenas should be quashed entirely.

29) To the extent that said Subpoenas are not quashed entirely, the Subpoenas should be deemed improper with respect to the above referenced requests on grounds that such requests have nothing to do with the instant litigation.

30) The non-parties that are purported subject to the Subpoenas should not be required to respond to said Subpoenas until after a ruling from this Court.

WHEREFORE, Movants request that this Court (i) quash the Subpoenas entirely; (ii) to the extent that the Subpoenas are not quashed entirely, enter a protective with respect to said Subpoenas to fully or partially limit the scope of said Subpoenas as discussed herein above; (iii) to the extent that the foregoing relief is not granted outright, grant Movants a hearing on the foregoing issues; and (iv) grant such other or further relief as is just or proper.

Dated: February 17, 2021  Respectfully Submitted,

HIRZEL DREYFUSS & DEMPSEY, PLLC
*Counsel for Movants*
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Phone: 305-615-1617

By:/s/ Patrick G. Dempsey
**LEON F. HIRZEL** (Fla Bar No. 085966)
hirzel@hddlawfirm.com
**PATRICK G. DEMPSEY** (Fla Bar No. 27676)
dempsey@hddlawfirm.com
**ALEC P. HAYES** (Fla Bar No. 1015314)
hayes@hddlawfirm.com