UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81501-Matthewman

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC,

      Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC, et al.,

      Defendants.
_____/

FILED BY KJZ D.C.

Mar 14, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**OMNIBUS ORDER ON MEDTERRA CBD, LLC'S MOTION FOR SANCTIONS AGAINST PLAINTIFF HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC [DE 119] AND ON REJUVENOL LABORATORIES, INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF HEALTHCARE RESOURCES MANAGEMENT GROUP, LLC [DE 120]**

THIS CAUSE is before the Court upon Medterra CBD, LLC's ("Medterra") Motion For Sanctions Against Plaintiff Healthcare Resources Management Group, LLC ("Plaintiff") [DE 119] and Rejuvenol Laboratories, INC.'s ("Rejuvenol") Motion For Sanctions Against Plaintiff Healthcare Resources Management Group, LLC [DE 120]. The motions are briefed and ripe for review. *See* DE 155, DE 160, DE 173. The Court has carefully considered the parties' written submissions, the record, and applicable law.[1]

### I.    BACKGROUND

The instant action is a trade secrets lawsuit involving a topical cannabidiol ("CBD") (a chemical derived from hemp) pain cream (hereinafter, the subject cream is referred to as the "CBD-

---

[1] The Court is considering the motions in one order for the purposes of judicial economy. However, the Court has considered each motion individually, as set forth *infra*.

based Pain Cream"). Plaintiff filed a four-count complaint in the instant case ("Instant Action") on September 3, 2020, alleging misappropriation of trade secrets pursuant to the Florida Uniform Trade Secrets Act, Florida Statutes § 688.001 *et seq*. ("FUTSA") (Count I); misappropriation of trade secrets pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA") (Count II); violations of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 *et seq*. ("FDUPTA") (Count III); and tortious interference with a business relationship (Count IV). [Instant Action- DE 1 ("Compl.")]. Plaintiff brought the complaint against four Defendants— Rejuvenol, Medterra, NoXeno Health Sciences, Inc. ("NoXeno"); and EcoNatura All Healthy World, LLC ("EcoNatura"). As to each Defendant, the complaint alleges Counts I and II against Rejuvenol; Counts I, II, and II against NoXeno and Medterra; and Counts I, II, III, and IV against EcoNatura.  *Id.*

This is actually the second lawsuit brought by Plaintiff against Defendants based on the same set of facts.  *See Healthcare Resources Management Group, LLC v. EcoNatura All Healthy World, LLC et al*, Case No. 19-cv-81700-DMM ("First Action"). There, Plaintiff filed its complaint on December 20, 2019. *Id.* at DE 1. On April 24, 2020, Plaintiff's counsel moved to withdraw as counsel of record due to irreconcilable differences. *Id.* at DE 44.  The Court granted the motion and instructed that, because Plaintiff is an artificial entity, it must be represented by counsel and is unable to proceed *pro se*. *Id.* at DE 45. When Plaintiff failed to timely obtain replacement counsel, the Court dismissed its case without prejudice on May 21, 2020.  *Id.* at DE 56.  In so doing, the Court found that the record demonstrated that Plaintiff had been far from diligent in litigating this matter, and Plaintiff failed to establish that Plaintiff diligently attempted to obtain replacement counsel. *Id.*

Three months later, Plaintiff filed the Instant Action on September 3, 2020. [Instant Action- Compl.]. On October 27, 2021, the Court granted summary judgment in favor of Rejuvenol, NoXeno, and Medterra in full. [Instant Action- DE 204]. On their respective motions, the Court entered final judgment as to Rejuvenol, NoXeno, and Medterra. *See* Instant Action- 218, 219, 220, 221, 222, 223.

Now before the Court are Rejuvenol's and Medterra's motions for sanctions filed on May 3, 2021 and May 4, 2021, respectively. [Instant Action- DE 119, DE 120].[2] Rejuvenol seeks its reasonable attorneys' fees pursuant to Federal Rule of Civil Procedure 11 and Section 57.105, Florida Statutes. [Instant Action- DE 120-1]. Medterra seeks its reasonable attorneys' fees pursuant to Rule 11. [Instant Action- DE 119]. In seeking sanctions against Plaintiff and Plaintiff's counsel, both Rejuvenol and Medterra make two central arguments: (1) that Plaintiff alleged facts that Plaintiff knew or should have known were false; and (2) that Plaintiff failed to perform a reasonable inquiry before bringing its First Action and the Instant Action. In support of these arguments, both Rejuvenol and Medterra essentially assert there is no evidence that Plaintiff had provided any "formula" to Rejuvenol and Medterra and that, had Plaintiff conducted a proper pre-suit investigation, it would have been clear to Plaintiff that Rejuvenol was simply the manufacturer and Medterra was simply a retailer for the CBD-based Pain Cream at issue.

Nearly six months later, on October 27, 2021, this Court issued its Order on summary judgment, which *inter alia*, granted summary judgment in favor of Rejuvenol and Medterra on all

---

[2] Only Defendant Rejuvenol and Defendant Medterra filed motions for sanctions against Plaintiff, and both motions are addressed in this Order. [Instant Action- DE 119, DE 120].

claims against them. [Instant Action- DE 204]. Thereafter, on November 19, 2021, the Court issued a final judgment as to Rejuvenol and Medterra. [Instant Action- DE 221; DE 223].

## II. DISCUSSION

Federal Rule of Civil Procedure 11 "is intended to deter improper litigation techniques, such as delay and bad faith." *Briggs v. Briggs*, 245 Fed. Appx. 934, 936 (11th Cir. 2007) (citing Fed. R. Civ. P. 11, 1983 Advisory Committee notes). "Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate." *Williams v. Weiss*, 190 Fed. Appx. 944, 945 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)). Although district courts have discretion whether to award Rule 11 sanctions, a district court abuses that discretion if it fails to "describe the conduct it determined warranted sanctions and explain the basis for the sanctions imposed." *Id.* (citing Fed. R. Civ. P. 11(c)(3)); *see also Flores v. Park W. Parking LLC*, 2008 WL 11409098, at *8 (S.D. Fla. Feb. 1, 2008) ("The Court may not sanction Plaintiff or his counsel without making *specific findings of subjective bad faith conduct.*" (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)).

This Court recognizes "Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 150 F.R.D. 209, 213 (M.D. Fla. 1993) (citing American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in, 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 212, 235–36 (Supp.1989); *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987)). "The primary goal of the sanctions is deterrence." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)

("It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, ... streamline the administration and procedure of the federal courts.")).

As such, "Rule 11 sanctions are appropriate (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith and for an improper purpose." *Briggs*, 245 Fed. Appx. at 936 (citing *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). The Court may subject a represented party such as Plaintiff to Rule 11 sanctions if, for example: (1) allegations in the complaint were frivolous and Plaintiff "knew or should have known that the allegations in the complaint were frivolous;" (2) Plaintiff "misrepresent[ed] facts in the pleadings;" or (3) the action was frivolous and Plaintiff was the "mastermind" behind the frivolous case. *Byrne v. Nezhat*, 261 F.3d 1075, 1117-18 (11th Cir. 2001). The Court must first decide "whether the party's claims are objectively frivolous" and then determine if the attorney, the party, or both should be sanctioned pursuant to Rule 11 as a result. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

After careful review, the Court finds that Rejuvenol and Medterra have not met their very high burden to establish that Rule 11 sanctions against Plaintiff or Plaintiff's counsel are warranted, as sought in their respective motions for sanctions.[3] In the First Action, the Court found

---

[3] Rejuvenol also seeks sanctions pursuant to Section 57.105, Florida Statutes. However, sanctions are not warranted under Section 57.105 if sanctions are not appropriate under Rule 11. *Travelers Prop. Cas. Co. of Am. v. Paramount Lake Eola, L.P.*, 6:08-CV-805-ORL28GJK, 2010 WL 2977981, at *6 (M.D. Fla. June 21, 2010), *report and recommendation adopted,* 6:08-CV-805-ORL28GJK, 2010 WL 2977978 (M.D. Fla. July 26, 2010).

that Plaintiff's allegations against Rejuvenol and Medterra were actionable as pleaded [First Action- DE 40], giving Plaintiff the opportunity to develop evidentiary support for its case as pleaded through discovery. And, as pointed out in Medterra's motion for sanctions, "[t]he Complaint in this case is a verbatim replica of the Amended Complaint in the First Case." [Instant Action- DE 119 n. 1]. As such, it is clear the complaint was not frivolous on its face as a matter of law when filed in the First Action or the Instant Action.

The case then proceeded to discovery, allowing all parties to fully investigate the circumstances surrounding the underlying dispute. When the First Action was dismissed, about a month remained until the close of the discovery period, and the Court had not yet ruled on the substance of the only discovery motion filed. [First Action- DE 39]. Later, in the Instant Action, discovery continued. A review of the record reveals that in January of 2021, Rejuvenol and Medterra filed Motions to Compel. [Instant Action- DE 57, DE 58]. The Court did not issue substantive rulings on such motions, as the parties either did not renew them in accordance with this Court's Order (Rejuvenol) or advised that it had resolved the discovery dispute with Plaintiff (Medterra). [Instant Action- DE 63, DE 70]. No renewed motions to compel were filed. As such, it is clear that there was no discovery violation or misconduct in this case giving rise to sanctionable conduct in the discovery phase.

Rather, Rejuvenol and Medterra assert that there was no evidentiary support for Plaintiff's position when initiating its claims against them, and discovery revealed the same, thus, Rule 11 sanctions are appropriate. Rejuvenol and Medterra sought summary judgment in their favor in March 2021. [Instant Action- DE 85, DE 87][4], and filed the instant motions for sanctions in May

---

[4] Medterra's amended motion for summary judgment was filed on May 14, 2021. [Instant Action- DE 143].

2021 [Instant Action- DE 119, DE 120]. Although Rejuvenol and Medterra prevailed on summary judgment because the evidence in the record failed to establish all counts against them as a matter of law, the Court finds that initiating the action against Rejuvenol and Medterra is not sanctionable on the facts of this case. Here, Plaintiff alleged that its trade secret is the end product CBD-based Pain Cream, and the manner in which the CBD cream's ingredients blend to "form the finished product." *See* Instant Action- Compl. ¶¶ 59-76. There is evidence in the record that Plaintiff sent to Defendant EcoNatura a list of ingredients with their amounts. *See* Instant Action- DE 204 at 33. Plaintiff also put forth evidence that there were several calls between Plaintiff and Defendant EcoNatura where the trade secret process, the "process by which ingredients were heated and cooled during the manufacturing process" was described. *Id.* It is undisputed that Rejuvenol was the manufacturing facility of the cream at issue and that Medterra was a client of Plaintiff's who purchased the cream at issue. *Id.* at 10-19. It is also undisputed that, ultimately, EcoNatura terminated its business relationship with Plaintiff, and thereafter Medterra began ordering cream directly from EcoNatura, and EcoNatura continued to produce the cream through the Rejuvenol manufacturing facility and continued to sell the cream to Medterra.

In other words, Plaintiff, EcoNatura, Medterra, and Rejuvenol were clearly intertwined in their business dealings regarding the cream at issue in this case and discovery allowed the parties to investigate their business dealings as it relates to the cream at issue and the alleged trade secret. After discovery was closed and on summary judgment, the Court ultimately found, *inter alia,* that whether Defendant EcoNatura misappropriated Plaintiff's alleged trade secret was an issue that would go to the jury, but that the claims against Medterra and Rejuvenol would not. The fact that the record evidence failed to establish a triable issue as to Rejuvenol and Medterra is insufficient for the Court to make specific findings of Rule 11 bad faith conduct. In short, although Plaintiff

was ultimately not successful at the summary judgment stage, on the facts of this case, the Court finds that Rejuvenol and Medterra have not met their burden to establish entitlement to their Rule 11 attorney's fees as a sanction against Plaintiff and Plaintiff's counsel.

### III.   CONCLUSION

In light of the findings above, Medterra CBD, LLC's Motion For Sanctions Against Plaintiff Healthcare Resources Management Group, LLC [DE 119] is **DENIED**; and Rejuvenol Laboratories, INC.'s Motion For Sanctions Against Plaintiff Healthcare Resources Management Group, LLC [DE 120] is **DENIED**.[5]

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of March 2022.

_William Matthewman_
William Matthewman
United States Magistrate Judge

---

[5] The Court notes that there are two pending post-judgment motions for attorney's fees filed by Noxeno [Instant Action- DE 228] and Medterra [Instant Action- DE 233]. Those motions, primarily premised upon "prevailing party" arguments, are not disposed of by this Order and shall be decided in due course.