UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-81501-cv-Matthewman

HEALTHCARE RESOURCES
MANAGEMENT GROUP, LLC,

    Plaintiff,

v.

ECONATURA ALL HEALTHY WORLD, LLC,
et al.,

    Defendants.
_____/

ECONATURA ALL HEALTHY WORLD, LLC,

    Counterclaim Plaintiff,

v.

HEALTHCARE RESOURCES MANAGEMENT
GROUP, LLC and SAM GENOVESE,

    Counterclaim Defendants.
_____/

FILED BY KJZ D.C.
May 13, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF'S MOTION TO TAKE THE 30(B)(6) DEPOSITION OF DEFENDANT'S DESIGNATED REPRESENTATIVE BEFORE TRIAL [DE 257]

**THIS CAUSE** is before the Court upon Plaintiff Healthcare Resources Management Group, LLC's Motion to Take the 30(b)(6) Deposition of Defendant's Designated Representative Before Trial ("Motion") [DE 257]. Defendant EcoNatura All Healthy World, LLC ("Defendant") filed a Response in Opposition [DE 261], and Plaintiff did not elect to file a Reply. Thus, the matter is ripe for the Court's determination.

1

## I.    BACKGROUND

This is the second lawsuit brought by Plaintiff against the Defendant based on the same set of facts. [DE 204 at 3] (citing *Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC, et al.*, Case No. 19-cv-81700-DMM). In the first lawsuit, after Plaintiff's counsel withdrew due to irreconcilable differences, Plaintiff failed to timely obtain requisite replacement counsel. [DE 204 at 3]. The Court in that prior case thus found that Plaintiff had been "far from diligent in litigating th[e] matter," and dismissed the case without prejudice, on May 21, 2020—five months after it had been filed. [DE 204 at 3].

Subsequently, on September 3, 2020, Plaintiff filed suit in the instant case. [DE 1]. According to the Court's original Pretrial Scheduling Order and Order Referring Case to Mediation [DE 5], discovery was to be completed by March 8, 2021. [DE 5 at 5]. On March 8, 2021—the date of the discovery cutoff deadline—Plaintiff and Counterclaim Defendant Sam Genovese filed a Motion to Enlarge the Deadline to Complete Discovery to Allow for 30(b)(6) Depositions [DE 75]. Within that motion, Plaintiff and Counterclaim Defendant Sam Genovese sought to extend the deadline to take the deposition of Defendant's designated corporate representative. [DE 75 at 4]. In a March 11, 2021 Paperless Order issued thereafter, the Court denied the motion, finding "that Movants' conduct evince[d] a lack of diligence in conducting discovery, given that they did not take their first affirmative step in that regard until the last two weeks of the discovery period." [DE 78].

On October 27, 2021, the Court entered an Omnibus Order on Defendants' Various Motions for Summary Judgment, finding Defendants Rejuvenol Laboratories, Inc. ("Rejuvenol"), Medterra CBD, LLC ("Medterra"), and NoXeno Health Sciences, Inc. ("NoXeno") entitled to

summary judgment on all claims brought against them. [DE 204]. After Defendants NoXeno and Medterra filed motions for attorneys' fees, the Court held an April 19, 2022 Zoom video teleconference (VTC) hearing, during which the parties "address[ed] all pending matters, including the two [then] pending post-judgment fees motions [DE 228][DE 233], [and discussed] the upcoming June 13, 2022 specially set trial and compliance with the Pretrial Schedule specified in the Court's Order at DE 211." [DE 248]. At the Zoom VTC hearing, Plaintiff represented to the Court that it would once more be seeking to take the deposition of Defendant's designated corporate representative.

Accordingly, on May 5, 2022, Plaintiff (this time absent Counterclaim Defendant Sam Genovese) filed the resulting Motion to Take the 30(b)(6) Deposition of Defendant's Designated Representative Before Trial [DE 257]. Defendant filed a Response in Opposition [DE 261], and Plaintiff did not file a Reply.

## II.     MOTION, RESPONSE, AND REPLY

A. Plaintiff's Motion [DE 257]

In Plaintiff's Motion, Plaintiff recites the history of the case, noting that on February 23 and 24, 2021, Defendant took the deposition of Plaintiff's designated corporate representative. [DE 257 at 2]. Plaintiff maintains that on the evening of February 24, 2021, Plaintiff "emailed counsel for Defendant[] to discuss the scheduling of the 30(b)(6) depositions of the designated representatives of the active Defendants in the litigation" and that, "due to scheduling issues, [Defendant was] willing to allow Plaintiff to take the deposition of [Defendant's] 30(b)(6) representative sometime shortly after the March 8, 2021 discovery deadline." *Id.* However, Plaintiff contends that when it then reached out to Defendant on March 8, 2021 concerning a

"Motion for Extension of Time for the March 8, 2021 discovery deadline with respect to Plaintiff taking the aforementioned 30(b)(6) depositions of the then active Defendants," Defendant "refused and explicitly opposed Plaintiff's ability to take the previously discussed 30(b)(6) depositions." *Id.*

Despite the Court previously denying Plaintiff's March 8, 2021 motion, Plaintiff again requests that the Court allow it to take the 30(b)(6) deposition of Defendant's corporate representative "on grounds of fairness and to avoid undue surprise at trial." *Id.* at 3. Further, Plaintiff represents that "allowing [it] to take the 30(b)(6) deposition of [Defendant's] designated representative before the June 13, 2022 jury trial will be highly beneficial to the interests of judicial economy and efficiency." *Id.* Plaintiff concludes by claiming that Defendant, "as a counterclaimant, will not be unreasonably prejudiced by having to produce a 30(b)(6) deposition in advance of trial," stating that the deposition "will almost certainly reduce the length of the jury trial as it relates to the claims, defenses, and counterclaims involving [Defendant]." *Id.* at 4.

B. Defendant's Response  [DE 261]

Defendant EcoNatura begins by noting that—over a year after discovery has closed and just weeks before the trial—"Plaintiff seeks the extraordinary remedy of reopening fact discovery so it can take the deposition of Defendant's corporate representative." [DE 261 at 2]. According to Defendant, "Plaintiff cites no supporting case law, no legal standard allowing for such relief, no rule which would warrant such relief, and further misstates the factual events and circumstances leading to this motion and Plaintiff's previous failed attempts to depose Defendant's representative over a year ago." *Id.*

Specifically, Defendant states that on February 24, 2021, "for the first time, Plaintiff's counsel requested deposition dates for each of the [Defendants'] corporate representatives to take place the following week." *Id.* at 4. However, Defendant contends that "instead of actually preparing a list of deposition topics that were geared specifically toward the four distinct corporate defendants, counsel for Plaintiff simply indicated that the topics would be the same as the topics former Defendant Medterra had used for Plaintiff's corporate deposition designee." *Id.* Defendant therefore objected to Plaintiff's request but "indicated that it was willing to conduct a deposition two-days after the discovery cut-off date . . . if Plaintiff would provide a revised list of topics that could actually be used as topics for a representative of [Defendant]." *Id.* Defendant states that Plaintiff did not respond and instead filed the March 8, 2021 motion, which Defendant therefore opposed. *Id.*

Defendant next argues that "[w]hen a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.'" *Id.* at 7 (alteration in original) (quoting *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017)). Utilizing this standard, Defendant argues that "Plaintiff has not even attempted to argue good cause, much less excusable neglect, in its attempt to reopen fact discovery," stating that the evidence does not support a finding of either good cause or excusable neglect. *Id.* at 8. Defendant thus asserts that "Plaintiff should be bound by [the Court's] prior determinations in connection with the present [M]otion." *Id.* As stated by Defendant, "[g]iven Plaintiff's lack of diligence and failure to articulate any reasonable excuse for its inaction and delays, it is Plaintiff who should bear the burden of its discovery failures during trial." *Id.* at 9.

### III.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citation omitted). Further, "[w]hen a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.'" *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing Fed. R. Civ. P. 6(b)(1)). Excusable neglect, for purposes of Rule 6(b), is an "'equitable inquiry, taking account of all relevant circumstances surrounding the party's omission' . . . includ[ing] 'the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Hurley v. Anderson*, No. 16-80102-CIV, 2017 WL 4304894, at *2 (S.D. Fla. May 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations omitted)).

Here, the Court already determined that Plaintiff failed to demonstrate good cause in requesting an extension of the March 8, 2021 discovery deadline to take the deposition of Defendant's corporate representative. *See* DE 78. Plaintiff's Motion is premised upon the same underlying facts as contained within Plaintiff's March 8, 2021 motion. *Compare* DE 257, *with* DE 75. In fact, in the instant Motion, Plaintiff merely details what happened *after* the filing of the March 8, 2021 motion and argues that "issues of fairness, judicial economy, and overall efficiency" warrant allowing Plaintiff to take Defendant's corporate representative's deposition.

Plaintiff now seeks to reopen to discovery to take the deposition of Defendant's corporate representative. However, Plaintiff does not even attempt to argue excusable neglect—nor could it. Discovery closed in this case approximately *fourteen* months ago, and trial is set to begin one month from now. Additionally, despite noting its intent to file a motion concerning the deposition during the April 19, 2022 Zoom VTC hearing, Plaintiff waited until May 5, 2022 to do so. Accordingly, the Court finds that Plaintiff has failed to demonstrate any excusable neglect for its failure to timely take the deposition of Defendant's corporate representative. The Court therefore finds that no good cause exists for reopening discovery in this case.[1]

## IV.   CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion [DE 257] is **DENIED**. Discovery remains closed, and this case remains specially set for jury trial beginning on June 13, 2022, at 9:00 a.m.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of May, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The Court notes that it was recently forced to issue an Order to Show Cause to Plaintiff and its counsel [DE 267] due to their current failure to comply with the Court's scheduling orders. That Order to Show Cause [DE 267] remains pending. This provides further support for the Court's finding that Plaintiff has failed to establish good cause and has failed to establish excusable neglect regarding its motion to take the requested 30(b)(6) deposition of Defendant on the eve of the specially set June 13, 2022 jury trial.